UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MRVS ENTERPRISES INC., et al.,<br><br>    Defendants. | Case No. 3:21-cv-06441-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS**<br><br>Re: Dkt. No. 72 |

Plaintiff Gerardo Hernandez brought this action against MRVS Enterprises, Inc., as well as individual defendants, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, and the Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51-53. In August 2023, the parties reached a settlement agreement on all issues except attorney's fees, which the parties agreed to resolve by motion. (Dkt. No. 67.[1]) Plaintiff thereafter filed the now pending motion for attorney's fees. (Dkt. No. 72.) After careful consideration of the parties' briefing, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorney's fees. The Court awards a total of $51,992.47 in attorney's fees and costs.

**BACKGROUND**

Plaintiff uses a wheelchair for mobility. (Dkt. No. 35 at ¶ 8.) He lives less than 10 miles from Hayward Liquor and Groceries, which is located at 849 Sycamore Avenue, Hayward, California. (*Id*. at ¶¶ 1, 10.) MRVS Enterprises operates the Hayward Liquor and Groceries and leases the property from Pradeep K. Khatri and Kokila Pradip Khatri ("the Khatris"). On April 17,

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

2021, Plaintiff visited Hayward Liquor and Groceries to purchase beverages.  (*Id*. ¶ 10.)  On his visit, he encountered several access barriers, including a lack of designated accessible parking stalls, uneven pavement in the parking lot, and lack of a curb cut.  (*Id*. at ¶ 11.)  As a result of these barriers, he is deterred from visiting the store.  (*Id.* at ¶ 12.)

Plaintiff filed this disability access action on August 19, 2021 naming (1) MRVS Enterprises Inc., dba Hayward Liquor & Groceries; (2) Laurie R. Sells, as Special Administrator of the Estate of Vidyagauri Kantilal Khatri; and (3) Pradeep Kantilal Khatri, as Executor of the Estate of Vidyagauri Kantilal Khatri.  (Dkt. No. 1.)  Shortly after filing, Plaintiff voluntarily dismissed the claims against Ms. Sells.  (Dkt. No. 7.)   This dismissal left Plaintiff's claims against MRVS, the tenant and owner of Hayward Liquor & Groceries, and Mr. Khatri, as the executor of the estate which allegedly owned the property.  On October 18, 2021, the Court granted Plaintiff's motion for administrative relief from the service deadline based on issues with serving MRVS and Mr. Khatri.  (Dkt. No. 9.)   Two months later, the Clerk entered Mr. Khatri's default.  (Dkt. No. 13.)  Shortly thereafter, MRVS appeared and answered the Complaint.  (Dkt. No. 16.)

Plaintiff and MRVS stipulated to extend the site inspection deadline, and subsequently the General Order 56 meeting.  (Dkt. Nos. 20, 22.)  On May 11, 2022, the parties filed a notice of need of mediation.  (Dkt. No. 23.)  Around this same time, Plaintiff's counsel learned "Mr. Khatri no longer owned the subject property in his capacity as executor of his late mother's estate, but ownership had been transferred to Mr. Khatri and his wife, Kokila Pradip Khatri, as co-trustees of their family trust."  (Dkt. No. 72-1 at ¶ 18.)  Plaintiff did not seek to amend the complaint or otherwise raise this issue with the Court.

Instead, Plaintiff proceeded to attend a mediation session with MRVS only on August 9, 2022. (Dkt.  No. 25.)   When the mediation was unsuccessful, the Court set a status conference and ordered Plaintiff to file his motion for default judgment as to Mr. Khatri by September 15, 2022.  (Dkt. Nos. 26, 27.)  Plaintiff then requested this deadline be extended so he could amend his complaint to allege additional barriers identified during the site inspection.  (Dkt. No. 28.)  Plaintiff did not advise the Court he had learned four months earlier the property had changed ownership.  The Court, unaware there was an issue with naming the proper landlord defendant,

2

1   granted Plaintiff's request and set a pretrial schedule.  (Dkt. No. 32.)  The parties thereafter
2   stipulated to Plaintiff filing the First Amended Complaint.  (Dkt. Nos. 34, 35.)  On October 31,
3   2022, Plaintiff filed the First Amended Complaint which alleged new barriers based on the site
4   inspection **and** named new Defendants: Pradeep K. Khatri, Trustee of the Pradeep K. Khatri and
5   Kokila Pradip Khatri 2007 Revocable Trust dated November 1, 2007; and Kokila Pradip Khatri,
6   Trustee of the Pradeep K. Khatri and Kokila Pradip Khatri 2007 Revocable Trust dated November
7   1, 2007.  (Dkt. No 35.)

8   Four months later, in February 2023, Plaintiff filed an administrative motion for relief from
9   the service deadline as to these new Defendants because of difficulties effectuating service.  (Dkt.
10  No. 39.)  MRVS opposed this request on the grounds Plaintiff had not been diligent in attempting
11  to serve Defendants and the First Amended Complaint "was disguised as an attempt to name other
12  parties, in order to veil Plaintiff's failure to timely serve Defendants."  (Dkt. No. 40 at 2.)  The
13  Court granted Plaintiff's motion and Pradeep K. Khatri was served on March 4, 2023, and Kokila
14  Pradip Khatri served on March 16, 2023.  (Dkt. Nos. 43, 44.)  After neither timely appeared, the
15  Clerk entered default as to each on April 5, and 16, 2023, respectively.  (Dkt. Nos. 52, 55.)
16  Shortly thereafter the parties filed a stipulation to set aside the defaults which the Court granted.
17  (Dkt. No. 58.)

18  On May 8, 2023, the Court granted the parties' stipulation to amend the pretrial order
19  extending the fact discovery deadline to August 18, 2023.  (Dkt. No. 61.)  The following month,
20  the parties requested a referral to mediation, which the Court ordered to occur in July, or as soon
21  thereafter as the mediator's schedule would allow.  (Dkt. No. 63.)   While the case did not resolve
22  at mediation, a month later, the parties filed a notice of settlement stating Plaintiff's claims for
23  injunctive relief and damages had been resolved, but Plaintiff would file a motion for attorney's
24  fees and costs within 45 days.  (Dkt. Nos. 66, 67.)  The Court granted the parties' stipulation for
25  dismissal and the now pending motion for attorney's fees followed.  (Dkt. Nos. 71, 72.)

26  **DISCUSSION**

27  The ADA gives courts the discretion to award attorney's fees, including litigation expenses
28  and costs, to prevailing parties.  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)

1  (citing 42 U.S.C. § 12205). Similarly, the Unruh Act provides for an award of fees "as may be

2  determined by the court." Cal. Civ. Code § 52(b)(3).  Here, Plaintiff seeks $93,250.47 in

3  attorneys' fees and costs for an action with no substantive motion practice prior to this fee motion.

4  To calculate an award of attorneys' fees, district courts apply "the lodestar method,

5  multiplying the number of hours reasonably expended by a reasonable hourly rate." *Ryan v.*

6  *Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S.

7  424, 433 (1983)). The party requesting fees also bears "the burden of submitting billing records to

8  establish that the number of hours" requested are reasonable. *Gonzalez v. City of Maywood*, 729

9  F.3d 1196, 1202 (9th Cir. 2013). The number of hours should not exceed the number of hours

10  reasonably competent counsel would bill for similar services. *Hensley*, 461 U.S. at 434. Courts

11  may reduce the hours expended "where documentation of the hours is inadequate; if the case was

12  overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise

13  unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing

14  *Hensley*, 461 U.S. at 433-34).

15  The Ninth Circuit has identified several factors courts should consider in determining the

16  reasonableness of the number of hours expended and the hourly rate charged, including: (1) the

17  "experience, reputation, and ability of the attorney"; (2) "the outcome of the results of the

18  proceedings"; (3) "the customary fees"; and (4) "the novelty or the difficulty of the question

19  presented." *Chalmers*, 796 F.2d at 1211 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70

20  (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992)).

21  In addition, a court has discretion to reduce a fee award where the plaintiff unreasonably

22  protracted litigation. *See Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008) ("the court

23  may consider whether Plaintiff protracted the litigation in deciding whether to reduce fees").

24  **A. Plaintiff's Request for Attorneys' Fees**

25  Plaintiff seeks $84,457 in attorneys' fees for 238.2 hours of work. This breaks down as

26  follows:

27  //

28  //

| Biller | Hours | Rate | Total |
|---|---|---|---|
| Tanya Moore, Attorney | 136.7 | $475 | $64,932.50 |
| Whitney Law, Paralegal | 88.1 | $195 | $17,179.50 |
| Isaac Medrano, Paralegal | 13.4 | $175 | $2,345.00 |
| | | | **Total:** $84,457.00 |

(Dkt. No. 72 at 23; Dkt. No. 75-1 at ¶ 34.)

### 1. Hourly Rate

"A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (internal quotation marks and citation omitted). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camancho v. Bridgeport Fin., Inc*., 523 F.3d 973, 980 (9th Cir. 2008) (internal quotation marks and citation omitted). "Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, rate determinations in other cases, and rate determinations of the plaintiff's attorney in other cases, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp*., 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff seeks an hourly rate of $475 for attorney Tanya Moore, $195 for paralegal Whitney Law, and $175 for paralegal Isaac Medrando. (Dkt. No. 72-1 at ¶¶ 9-11.) Ms. Moore has more than 20 years legal experience with the last 12 exclusively specializing in disability access cases. (*Id*. at ¶ 7.) Ms. Law has been working with Ms. Moore for 10 years specializing in disability access cases and Mr. Medrando has been with Ms. Moore for 9 years specializing in disability access work. (*Id*. at ¶¶ 10-11.)

Defendant MRVS argues these hourly rates are excessive and urges the Court to reduce Ms. Moore's rates to be consistent with those awarded in *Johnson v. AutoZone, Inc*., No. 17-CV-02941-PJH, 2019 WL 2288111, at *6 (N.D. Cal. May 29, 2019). Further, it contends the Court should strike the request for any fees for Ms. Law and Mr. Medrano because they did not submit

5

1  declarations to verify their qualifications.  None of these arguments is persuasive.

2        As to Ms. Moore's rates, *AutoZone* involved different counsel and numerous courts in this

3  District have approved of Ms. Moore's hourly rate.  *See, e.g.*, *Hernandez v. BMV Hotels, LP*, No.

4  18-CV-07511-NC, 2021 WL 5053491, at *3 (N.D. Cal. Apr. 14, 2021) (approving hourly rate of

5  $475 for Ms. Moore); *Hernandez v. Spring Charter Inc.*, No. 19-cv-01479-TSH, 2020 WL

6  1171121, at *4 (N.D. Cal. Mar. 11, 2020) (same); *Rivera v. Crema Coffee Co. LLC*, No. 5:18-cv-

7  01531-VKD, 2020 WL 4701131, at *3 (N.D. Cal. Aug. 13, 2020) (same); *Moralez v. Claim

8  Jumper Acquisition Co. LLC*, No. 3:18-CV-01410-JD, 2019 WL 2437175, at *2 (N.D. Cal. June

9  11, 2019) (same); *Wilson v. Red Robin Int'l, Inc.*, No. 17-cv-00685-BLF, 2018 WL 5982868, at *3

10  (N.D. Cal. Nov. 14, 2018) (same).  Further, her requested rate falls within the range of hourly rates

11  which courts in this District have found reasonable for attorneys of similar experience in the San

12  Francisco Bay Area.  *See, e.g.*, *Rodgers v. Claim Jumper Rest., LLC*, 2015 WL 1886708, at *4

13  (N.D. Cal. Apr. 24, 2015) (finding hourly rate of $525/hour reasonable for attorney with 20 years

14  of experience, eight of which almost entirely devoted to ADA claims); *Armstrong v. Brown*, 805

15  F. Supp. 2d 918, 920-22 (N.D. Cal. 2011) (finding hourly rates of $490-$560 reasonable for

16  attorneys with 14 years of experience or less); *Californians for Disability Rights v. Cal. Dep't of

17  Transp.*, 2010 WL 8746910, at *4-5 (N.D. Cal. Dec. 13, 2010) (finding hourly rates of $570 and

18  $650 reasonable for attorneys with 10 to 18 years of experience). MRVS's insistence the Court

19  should not rely on these cases because in some instances the hourly rate was not contested is

20  unpersuasive.  The Court's task is to determine a reasonable rate, regardless of whether the rate is

21  challenged. *See Trujillo v. Orozco*, 2018 WL 1142311, at *3 (N.D. Cal. Mar. 2, 2018) ("Whether

22  or not the rate was challenged, the finding was still made that the rate was reasonable."), *aff'd*, 790

23  F. App'x 96 (9th Cir. 2020).

24        As for Ms. Law and Mr. Medrano's hourly rates, MRVS offers no support for its argument

25  each biller must submit a declaration attesting to their qualifications.  Ms. Moore submitted a

26  declaration under penalty of perjury attesting to Ms. Law's and Mr. Medrano's qualifications and

27  given their nearly 10 years working together, there is no doubt she has sufficient personal

28  knowledge to do so.  Further, other judges in this District have found the same or similar hourly

rates reasonable. *See Block v. Gennaro's Ltd. Liab. Co.*, No. 21-CV-00192-VKD, 2022 WL 2307203, at *12 (N.D. Cal. June 27, 2022) (approving hourly rates of $195 for Ms. Law and $175 for Mr. Medrano); *Hernandez*, 2021 WL 5053491, at *2 (approving hourly rates of $150 for Ms. Law and $175 for Mr. Medrano); *Hernandez*, 2020 WL 1171121, at *4 (approving hourly rates of $150 for Ms. Law). Their requested rates also fall within the range of hourly rates which courts in this District have found reasonable for paralegals with similar experience in the San Francisco Bay Area. *See Hernandez*, 2021 WL 5053491, at *3 (N.D. Cal. Apr. 14, 2021) (collecting cases).

Accordingly, the Court concludes the hourly rates sought here are reasonable.

**2. Hours Expended**

A party seeking attorneys' fees bears the burden to "document[ ] the appropriate hours expended." *Hensley*, 461 U.S. at 437. "To meet that burden, the moving party must submit detailed records justifying the hours that have been expended." *Forto v. Capital One Bank, National Association*, 2017 WL 6026242, at *3 (N.D. Cal. Dec. 5, 2017) (citing *Chalmers* 796 F.2d at 1210). "The party opposing fees must specifically identify defects or deficiencies in the hours requested; conclusory and unsubstantiated objections are insufficient to warrant a reduction in fees." *Rivera v. Portfolio Recovery Associates, LLC*, No. 13-2322 MEJ, 2013 WL 5311525, at *4 (N.D. Cal. Sept. 23, 2013). However, "[e]ven if the opposing party has not objected to the time billed, the district court 'may not uncritically accept a fee request,' but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Id*. (quoting *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002)). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id*. at 433-34; *see also Chalmers*, 796 F.2d at 1210 ("Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary.").

Plaintiff contends his counsel and two paralegals collectively spent nearly 240 hours on

7

this matter. (Dkt. No. 72-2 at 27; Dkt. No. 75-2 at ¶ 34.) Defendants separately challenge the hours expended on several, often overlapping, grounds. (Dkt. No. 73 at 19; Dkt. No. 74 at 8-11.) MRVS and the Khatris each submitted charts of Plaintiff's counsel's time entries with objections to specific entries. (Dkt. No. 73-2, Exs. A & B (MRVS); Dkt. No. 74-1, Exs. E & F (the Khatris).) The following chart reflects the time sought and Defendants' proposed reductions:

|  | **Hours Billed** | **MRVS Position** | **Khatris Position** |
| --- | --- | --- | --- |
| Ms. Moore | 136.7 | 88.08 | 76.8 |
| Ms. Law | 88.1 | 58.7 | 41.6 |
| Mr. Medrano | 13.4 | 1.9 | 6.9 |

(Dkt. No. 73-2 at 19, 35; Dkt. No. 74-1 at 40.)

### a. Plaintiff Unreasonably Protracted the Litigation

As a threshold matter, the Court notes the 238 hours billed here are disproportionate to the routine, straightforward nature of this disability access action. This case had no pre-dismissal motion practice, limited virtual court appearances for status conferences, and a single site inspection. Plaintiff's counsel routinely brings this type of ADA case, and in fact, a review of this District's ECF filings reflects Ms. Moore filed 55 other cases in this District in 2021. The high number of hours billed here is a result, at least in part, of Plaintiff having unreasonably protracted the litigation by not naming the proper parties in a timely manner.

In particular, although Ms. Moore attests she was aware in May 2022 Plaintiff had not named the proper landlord Defendants, Plaintiff did not seek to amend the complaint.[2] (Dkt. No. 72-1 at ¶ 18.) Instead, Plaintiff proceeded to prepare for and attend the mediation knowing he had not named the proper landlord defendants. Further, after the Court ordered Plaintiff to file his motion for default by a date certain (Plaintiff not having advised the Court the default was entered against an incorrect party), Plaintiff filed an administrative motion seeking relief from the Court's deadline. (Dkt. No. 28.) Plaintiff did not disclose default had been entered against an incorrect

---

[2] Ms. Moore and Ms. Law's time entries reflect that as of May 19, 2022, they were aware there were issues with naming the proper parties. (Dkt. No. 72-2 at 18.)

8

party; instead, Plaintiff represented that in light of the joint and several liability between landlords and tenants, he needed time to amend the complaint to allege the additional barriers identified during the site inspection.  (*Id*. at 2.)  Plaintiff likewise did not disclose in the parties' joint case management conference statement or at the subsequent case management conference that default had been entered against an incorrect defendant.  (Dkt. No. 30 at 2 ("All parties have been served and have either appeared or a clerk's default has been taken."); Dkt. No. 31.)   As a result of Plaintiff's representations—and his critical omission—the Court lifted the General Order 56 stay of discovery and set a pretrial schedule.  (Dkt. Nos. 31, 32.)   The Court also granted Plaintiff's administrative motion for relief from the deadline to file a motion for default judgment and ordered Plaintiff to file any amended complaint by October 27, 2023.  (Dkt. No. 32.)   Plaintiff then filed the amended complaint alleging additional access barriers **and**, for the first time, correcting the issue with the landlord Defendants. (Dkt. No. 34.)  Plaintiff took another four months to serve the actual landlord Khatris.  (Dkt. Nos. 43, 44.)   So, Plaintiff unreasonably delayed in moving to amend the complaint to name the proper landlord defendants.

     As a result of Plaintiff's delay, the proper parties were not present for the August 9, 2022 mediation, nor were the proper parties present for September 16, 2022 case management conference.  Plaintiff is thus not entitled to fees for either.  Further, the only reason the General Order 56 stay was lifted and discovery opened was because the Court relied on Plaintiff's representation that all parties had been served and had appeared or defaulted.  Over a third of the time billed in this action (88 hours[3]) was for discovery-related tasks.  The Khatris' counsel attests that during a phone call with Plaintiff's counsel on May 2, 2022, the Khatris' counsel twice requested Plaintiff agree to stay the action—including discovery—but Plaintiff refused, only agreeing to an extension of the schedule.  (Dkt. No. 74-1 at ¶ 10.)  Ms. Moore's reply declaration does not address the Khatris' requests for a stay; instead, Plaintiff's reply brief argues: "[a] plaintiff cannot simply stop pursuing discovery and complying with the scheduling order because

---

[3] Plaintiff coded 96.8 hours as "discovery."  (Dkt. No. 72-2.)  The Court does not include all these hours because some were blocked billed entries which include mixed tasks, the bulk of which did not involve discovery-related tasks.

9

the defendants indicate they might was to settle." (Dkt. No. 75 at 3.)   True, but Federal Rule of Civil Procedure 1 also encourages parties to "secure the just, speedy, and *inexpensive* determination of every action and proceeding." Fed. R. Civ. Pro. 1 (emphasis added).  Further, in disability access cases, General Order 56 stays discovery until informal resolution efforts have been exhausted to keep costs down.  While there was no stay in place at the time the Khatris appeared, the stay had been lifted *only* because Plaintiff had misrepresented that all necessary parties had been served and either appeared or defaulted.  The Court thus finds Plaintiff is also not entitled to recover for any time spent on discovery.

      Plaintiff's lament that he "could not move to amend the Complaint [in May 2022] due to the General Order 56 stay of proceedings" is unpersuasive. (Dkt. No. 72-1 at ¶ 18.)  Nothing in General Order 56 precludes a plaintiff from seeking relief from the general stay on motion practice to name the proper parties.  Rather, it states "[r]equests to lift the stay to…file any other motion, to be relieved of any of the requirements of this Order…may be made by stipulation and proposed order under Civil Local Rule 7-12 or by filing a Motion for Administrative Relief under Civil Local Rule 7-11." Gen. Ord. 56(3.)  Rather than seeking a stipulation from MRVS to amend the complaint or filing a motion for administrative relief, Plaintiff did nothing to ensure the proper parties were named in the action for five months.  And during those five months, Plaintiff misrepresented to the Court that all the proper defendants had been served.

      Plaintiff's suggestion that Mr. Khatri would have known about the lawsuit because he was served on November 18, 2021—albeit in the wrong capacity—and made a "strategic choice to stand back" is likewise unavailing.  (Dkt. No. 75 at 2.) There is no evidence Mr. Khatri was represented by counsel at that time or that he understand the process.  Moreover, even if he *could* have said something he was *not required* to do so.  Rather, it was Plaintiff who was required to name the proper defendants once he learned in May 2022 that he had named and served an incorrect defendant.  Because he failed to do so, he is not entitled to fees for the fruitless August 2022 mediation, the needless September 2022 case management conference, any motion practice related to the improper default, and any discovery-related work, because none of that work would have occurred if the General Order 56 stay had remained in effect until the proper landlord

10

defendants had been served and either appeared or defaulted. *See Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008) ("the court may consider whether Plaintiff protracted the litigation in deciding whether to reduce fees").

The Court thus deducts the time related to these tasks as follows:

|  | **Ms. Moore** | **Ms. Law** | **Mr. Medrano** |
|---|---|---|---|
| 2022 Mediation | 15.8 | 2.6 | .9 |
| Sep. 2022 CMC | 1.6 | 2.3 | .2 |
| Default Judgment | .8 | 1.1 |  |
| Discovery | 43.2 | 42.6 | 3.1 |
| **Totals:** | **61.4** | **48.6** | **4.2** |

**b. Excessive Hours Spent on Specific Tasks**

The Court next turns to Defendants' arguments regarding the time sought for specific tasks.

**Preparing the Complaint and Amended Complaint**: Counsel billed 6.3 hours for investigating and preparing the complaint. Counsel contends this time involved communicating with Plaintiff and investigating the barriers alleged. While counsel has an affirmative duty to investigate the facts and ensure their accuracy, the Court is not persuaded significant time went into researching and drafting this complaint. The complaint is boilerplate and nearly identical to the complaints filed by this Plaintiff in other actions where he was represented by Ms. Moore. *See, e.g.*, *Hernandez v. BMV Hotels, LP*, No. 18-cv-7511-NC, Dkt. No. 1 (N.D. Cal.); *Hernandez v. Spring Charter Inc.*, No. 19-cv-01479-TSH, Dkt. No. 1 (N.D. Cal.). Counsel also billed 5.2 hours for preparing the amended complaint, but this too is excessive given the limited differences between the two versions of the complaint. (*Compare* Dkt. No. 1 *with* Dkt. No. 35.) Accordingly, the Court will reduce Ms. Moore's requested hours by 4 hours.

**Service**: Plaintiff incurred 9.6 hours effectuating service on MRVS and the Khatris. Of this time, 3.7 was billed by Ms. Moore, 4.2 by Ms. Law, and 1.7 by Mr. Medrano. Plaintiff offers

1  no explanation as why both an attorney and a paralegal were billing time for "research re:
2  service," "review service issues," and communications with the process server—all of which could
3  have been done by a single biller. (*See, e.g.*, Dkt. No. 72-2 at 15.) The Court will reduce Ms.
4  Moore's requested time by 3 hours.

**Site Inspection**: Ms. Moore billed 4 hours for attending a site inspection MRVS contends lasted only one hour. (Dkt. No. 73-2 at 3.) Plaintiff offers no explanation for this entry and the Court will reduce Ms. Moore's time by 1 hour assuming some travel time was involved.

**Fee Motion**: MRVS objects to the time sought for what it contends is a routine fee motion for Plaintiff's counsel. Ms. Law billed 11.9 hours for preparing the fee motion and Ms. Moore billed 1 hour. (Dkt. No. 73-2 at 34-35.) On reply, Plaintiff seeks an additional 8 hours for Ms. Law and 5.5 hours for Ms. Moore for reviewing the oppositions and preparing the reply. (Dkt. No. 75-1 at ¶ 34.) The Court agrees these amounts are excessive. While the briefs and supporting declarations required tailoring, these are straightforward, routine motions for which counsel must have a template. Accordingly, the Court reduces the fees sought by half: deducting 2.75 hours for Ms. Moore and 9 hours for Ms. Law.

### c. Block Billing

The Khatris object to numerous entries as block billed. "Block billing is discouraged where discrete and unrelated tasks are grouped together because that practice can make it difficult, if not impossible, for the Court to assess the reasonableness of the time spent on each task." *Shaw v. Kelley*, No. 16-CV-03768-VKD, 2019 WL 5102610, at *7 (N.D. Cal. Oct. 11, 2019). The Khatris point to 48 entries totaling 65.4 hours which they contend represent improper block billing. (Dkt. No. 74-1 at 41-43.)

For example, on May 1, 2023, Ms. Moore billed two hours for "Attention to discovery dispute and preparation of a meet and confer confirmation email documenting discussions on Friday with Mr. Nahal. Instructions to WL re same. Attention amending First Rogs per discussion. Attention to revisions of PMK notice for MRVS." (Dkt. No. 74-1 at 42.) That same day, Ms. Law also billed two hours for "Conference with TM re meet and confer with Nahal and prepare memo to file re same; prepare meet and confer email; prepare amended discovery responses and

1    requests." (*Id.*) Likewise, on February 6, 2023, Ms. Law billed for 2.3 hours for "Gathering

2    evidence; review and research publicly available information; prepare Plaintiff's amended initial

3    disclosures." (Dkt. No. 72-2 at 20; Dkt. No. 73-2 at 7.)

4        While these, and the other entries identified by Defendants, reflect block billing of

5    different tasks, each of the tasks represents compensable time or at least Defendants have not

6    pointed to any particular entries which seek time for noncompensable work. *See Welch*, 480 F.3d

7    at 948 (reversing district court's imposition of an across-the-board 20 percent reduction for block

8    billing because each reduction must be justified).

### d. Excessive Clerical Work

10       The Khatris object to numerous .1 and .2 entries which they contend reflect clerical work.

11   (Dkt. No. 74-1 at 44-47.) Purely clerical tasks generally are not recoverable in a motion for

12   attorney's fees and should instead be subsumed in normal overhead costs. *Nadarajah v. Holder*,

13   569 F.3d 906, 921 (9th Cir. 2009) ("filing, transcript, and document organization time was clerical

14   in nature and should have been subsumed in firm overhead rather than billed at paralegal rates").

15   The entries identified by the Khatris do not reflect purely clerical tasks. Rather, the vast majority

16   reflect correspondence with the client or opposing counsel or another individual such as the court

17   reporter or mediator. *See Nadarajah*, 569 F.3d at 921 ("filing, transcript, and document

18   organization time" is clerical).

### e. Billing for Tasks Not Performed

20       Both Defendants object to Ms. Moore billing for a deposition that was cancelled by the

21   Khatris the day before the deposition was to occur because Mr. Khatri (the deponent) received a

22   court summons in another matter. (Dkt. No. 74-1 at ¶ 17.) Ms. Moore still billed 8 hours for the

23   deposition and the time entry states in relevant part: "At this short notice I was unable to fill in the

24   day with other projects and we also incurred late cancellation fees." (Dkt. No. 72-2 at 26.) Ms.

25   Moore's request for 8 hours for work she never performed is unreasonable. *Hensley*, 461 U.S. at

26   434 ("Hours that are not properly billed to one's client also are not properly billed to one's

27   adversary pursuant to statutory authority.")). Ms. Moore could not bill her client for time not

28   actually expended. It is unreasonable to seek such compensation from Defendants here. Her

1   insistence she could not use the time to perform other work is not credible. Likewise, Ms. Law's

2   May 5, 2023 entry of .2 for "Review letter from VMC re: request medical records; instructions to

3   JM re authorization" does not appear related to this case. (Dkt. No. 72-2 at 23.)

4       The Court has already deducted the time Ms. Moore billed for the deposition since it

5   involves discovery that should not have occurred, but the Court will deduct .2 hours for the time

6   sought for Ms. Law for the time entry unrelated to this case.

### f. MRVS's objection to entries related to the Khatris

    MRVS objects to several entries on the ground they relate to the Khatris and should not be awarded against it. (Dkt. No. 73-2.) However, landlords and tenants are jointly and severally liable for ADA noncompliance. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 833, 834 (9th Cir. 2000) ("a landlord has an independent obligation to comply with the ADA that may not be eliminated by contract" and "both landlord and tenant remain fully liable for compliance with all provisions of the ADA relating to that place of public accommodation."). This includes statutorily available attorney's fees and costs. *See Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010) (holding in ADA action all defendant landlords and tenants jointly and severally liable for plaintiff's attorney's fees, litigation expenses, and costs); *California Trout, Inc. v. Superior Court*, 218 Cal.App.3d 187, 212 (1990) (holding statutorily available attorney's fees are joint and several). MRVS offers no legal support for its contention attorney's fees should not be awarded jointly and severally here.

### g. Other Objections

    Defendants' charts list numerous other entries which they contend are inappropriate or excessive. The Court has considered these entries and declines to make additional entry-specific deductions beyond those listed above. In light of the deductions made above, the Court also finds a further reduction under the *Kerr* factors is not warranted.

                                      \*\*\*

    Based on the foregoing, the Court reduces the hours claimed as follows:

|  | **Hours Billed** | **Deductions** | **Hours Awarded** |
|---|---|---|---|
| Ms. Moore | 136.7 | 61.4 | 75.3 |
| Ms. Law | 88.1 | 48.6 | 39.50 |
| Mr. Medrano | 13.4 | 4.2 | 9.2 |

Using Plaintiff's requested hourly rates, Plaintiff's adjusted lodestar is $45,080 ($35,767.50 for Ms. Moore, $7,702.5 for Ms. Law, and $1,610 for Mr. Medrano).

### B. Costs

Plaintiff seeks $8,793.47 in costs. (Dkt. No. 72 at 22.) The Khatris do not object to any of the costs sought. MRVS objects to three categories of costs. First, the amount charged for the CASp inspection: $2,800, which counsel attests is excessive because the prevailing market rate is $1,000-$1,5000. (Dkt. No. 73-1 at ¶ 5.) Plaintiff does not dispute MRVS's representation regarding the prevailing market rate or otherwise address MRVS's objection. Further, Ms. Moore has previously sought costs of $1,295 for a CASp report. *See Acosta v. Perez*, No. 19-CV-01224 AWI EPG, 2021 WL 3910543, at *14 (E.D. Cal. Sept. 1, 2021), report and recommendation adopted, 2021 WL 4461536 (E.D. Cal. Sept. 29, 2021). Accordingly, the Court will award $1,500 as reasonable amount for the inspection. Second, MRVS objects to costs which reflect service on the Khatris. As discussed above, fees and costs are awarded jointly and severally in these cases so that objection is not legally valid. Third, MRVS objects to costs related to Mr. Khatri's cancelled deposition ($881). Because the Court concludes no discovery should have occurred, the Court strikes these costs as well.

Accordingly, the Court awards $6,912.47 in costs.

### CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney's fees and costs is granted in part and denied in part. Plaintiff is awarded $45,080 in attorney's fees and $6,912.47 in costs.

//
//
//
//

15

This Order disposes of Docket No. 73.

**IT IS SO ORDERED.**

Dated: December 18, 2023

                                               _____
JACQUELINE SCOTT CORLEY
United States District Judge